United States v. Sanchez, Mr. Petro Mr. Petro, it's your turn. Good morning judges, counsels, may it please the court. The district court's finding that Sanchez should receive the stash house enhancement is wrong. To receive this enhancement, case law and the application note show that there drug trafficking business at the residence for the enhancement to apply. In short, a review of the cases show that there must be drug sales taking place at the residence for the principal use of the residence and the enhancement to apply. There's a line of cases... What if you had a stash house and they don't make any sales from it, they just take the stuff to, you know, to the street or something to sell, but they don't want buyers coming to their stash house. Isn't it still a stash house? You know, I think that the cases, if you read them closely, is that there has to be tools of the trade inside the residence. Suppose you have a house and there's a million dollars worth of cocaine in it and they don't invite their customers to the house. That's potentially dangerous. When they, you know, they have a retail establishment somewhere else and they take the cocaine from the house to their stash house. That's where they stash a large quantity of drugs for sale and not from the stash house. Why could that, how could that possibly make a difference? Well, I think if you look at the cases closely... Well, how about a reason? Well, pure storage is not enough. Why? Because that's not enough to store millions of drugs in a building for purposes of sale, although you don't sell it out of the front door of this building. So tell me what sense it makes not to treat that as a stash house. It makes sense because in Ocasio-Sanchez's case, there's two findings that the court makes that are particularly important here. One, Ocasio- Sanchez did not know what type of drugs he was storing in the residence. And two, Ocasio-Sanchez did not recall any of the shots in regards to how much drugs were going to a particular location or what price was being charged for these drugs. What we have with respect to Mr. Sanchez's case... I didn't understand that. Suppose a gang dealer or a drug dealer comes to you and says, I'd like you, I'd like you, I'd like to use your house as a storage place for my drugs. Period. And I'll pay you. What difference does it make that the proprietor, the owner of the house, doesn't know what drugs there are, what drugs they are, doesn't know how much they're actually worth, and doesn't sell them. He's still providing an important service to the gang. I think that if you expansively read that particular, if I accepted what you were saying, then everyone would get that enhancement. What do you mean everyone would get that enhancement? Anyone that stored illegal narcotics in their residence would be eligible for the enhancement. You need more than storage. It might depend on the quantity. If you have one joint of marijuana, that doesn't make you a stash house. I agree with that and I don't think that the stash house applies. What was the quantity of drugs in his alleged stash house? I'm sorry sir? What was the quantity of drugs in his alleged stash house? Well at the time that he was arrested there was a substantial quantity of drugs. Well how much? 14 kilograms of heroin sir. Why isn't that enough for a stash house? Because he didn't know what type of drugs they were. Why does it matter? Was he a fool? Why does it matter whether he knows? I think if carefully considering the cases, this comes from 21 U.S.C. 856 and I think it was originally called the crack house enhancement and it was designed because you know the bringing of the customers and the sales taking place was causing urban blight and urban rot. Why does it matter whether it's sold from the stash house or sold from another place? Well as a societal concern it may not matter but as far as giving the enhancement it does concern. We're talking about degrees of why one person is more culpable than a million dollars worth of drugs would be more culpable than someone who sells you know a few drugs a day right? Well according to the application notes and the precedent in the case in the circuit I think that the person that actually conducted sales at the residence is considered more culpable and is more likely to receive the enhancement than someone who who stores a huge quantity of drugs. Correct. That doesn't make sense to me. The more that's stored the larger the possible operation. The more you store the more it can be sold. Correct but putting a bin on the back of your porch is substantially different than having customers and having guns to protect your your business and to have multiple cell phones to run your business and to have drug users and other drug dealers come to the house at all hours of day to pick their wares up is clearly something that is dangerous to the community and that's specific. Do you have to have drugs in order to be a stash house? Do you have to have drugs? Yeah no I'm sorry I have to have guns in order for it to be a trash stash house. Well the case law suggests that. Just answer my question. Do they have to be guns? Yes I would think according to the cases there are to trade. All right. He was getting $1,500 a month. $1,500 per month? Yes and then he was taking orders from someone. He didn't just let anybody walk in and take it. Didn't he get a communication saying they're going to pick up x amount or something? The people that he was getting paid the $1,500 per month would call him and say bring down these this quantity to the garage behind the residence which he would do. And then someone would come and pick it up? Correct. And they would designate I assume who? Correct. All right. Yes. So he's getting $1,500 a month. He takes a call from someone. He's got a closet on the back porch where this is locked in. He and his wife are the only ones that have a key at least locally. I guess it was his wife or girlfriend whatever. And then when they gets a call then he opens up the closet, picks up whatever quantity he's told. Maybe I don't know what he thinks it is. I'm sure it isn't. It's not moonshine. So he takes it down to the garage and the person designated picks it up that amount of quantity. So he's handing it off. He's a pretty essential part of that whole transaction. Now I guess what you're saying is well but he didn't take any money. Okay that's true. Money exchanges probably before those other guys got there. That's the final transaction probably. It was originally called the crack house enhancement and then it slid to the stash house enhancement. But it was people that ran crack houses where people had a retail drug business. Yeah they ingested on site and everybody's in and out of there and crack house is where they smoke it or drink it or whatever they do. But in the end I just want to stress that this is a case of pure storage by Mr. Sanchez and I don't think the enhancement should apply. Thank you. Okay thank you Mr. Petrow. Mr. Block. Excuse me. May it please the court. My name is Stephen Block. I represent the United States. The District Court. So what's the definition of a stash house? It is a place that is used to maintain narcotics either for distribution or manufacture. That's a summary of in the guidelines and it's the government's position your honor that the District Court appropriately applied the two-level enhancement based on the defendant's maintenance of such an establishment for the distribution because the court found drug distribution was one of two primary uses of the residence during the conspiracy period. The first being as a residence, the second being to distribute narcotics. This idea of primary use is in, it's not in the guideline itself apparently. Is it in the application notes or the case law? It's in the application note and the case law your honor. And the application note states that it does not have to be sole use of a premises. It has to be a primary or principal use is the word used in the in the application note. And here the District Court found that it was drug distribution was one of the primary uses of the of the residence that the defendant maintained. So for that reason we believe the District Court appropriately applied the enhancement here. In addition, even if the court did not correctly apply the enhancement there would be harmless because the court specifically stated that application of this enhancement had no effect on the sentence that the court ultimately imposed. And it was a below guidelines sentence? It was. Substantially? Substantially your honor. Because of his age and decrepitude I guess. Yes your honor the sentence imposed was 40 months. The guidelines the court found was 135 to 168 months. So based on those two reasons if there's no questions the government will rest on its briefs and ask that the defendant's conviction and sentence be affirmed. Okay thank you Mr. Brock. Mr. Petscher do you have anything further? Just on harmless error, Madam sir. Regarding harmless error you can't be sure that the District Court would give the same sentence in this case. The statement that... Well he said it made absolutely no difference. He said that before he had heard mitigating witnesses allocution and gone through the conditions of supervised release. On page 14 he makes a statement but he doesn't actually make his ruling regarding the 40 months until he gets to page 63 and we can't be sure when we can't be confident that that's what his intention was when he finally made his ruling. So for that reason because you can't be sure I don't think that harmless error... What do you think an months in her recommendation to the court and I asked because he had been good on supervised release. I asked for a period of supervised release. He could continue his medical treatment and do public service work. I thought both of those were fair sentences. The judge never really addresses why he doesn't accept the probation officer's recommendation of 24 months. He just on the wrist and we can't be sure we can't be confident that 40 months is the right number because of the timing of the statement. Thank you. Okay thank you very much to both counsel.